**PATTON et al. v. ROANE-ANDERSON CO., Inc. et al.**

**Civil Action No. 714.**

United States District Court
E. D. Tennessee, N. D.

Jan. 2, 1948.

Southern & Southern, Ann Nigro, Knoxville, Tenn., for plaintiffs.

O. T. Ault, United States Attorney, Chattanooga, Tenn., Porter C. Greenwood, R. R. Kramer, Knoxville, Tenn., for defendants.

TAYLOR, Chief Judge.

There are here 164 plaintiffs, 162 of them firemen of the Oak Ridge fire department, the others, Zimmerlee and Carroll, being a detective attached to the Oak Ridge guards or police force and a clerk in the auditing department of the defendant Roane-Anderson Company, all of whom are suing for premium pay under the Fair Labor Standards Act of 1938, Title 29 U.S.C.A. § 201 et seq., and under Executive Order No. 9240, as amended by Executive Order No. 9248, 40 U.S.C.A. § 326 note. The employment period, so far as the Fair Labor Standards Act is invoked, dates from December 21, 1943, to March 18, 1945. With respect to claims under Executive Order No. 9240, the period continues to August 22, 1945, when Executive Order No. 9240 was revoked.

Defendant, under contract with the United States Government, on December 21, 1943, took over operation of various services in the town of Oak Ridge, Tennessee, situs of Clinton Engineer Works, for a fixed-fee compensation, defendant handling payrolls and being reimbursed for expenditures in accordance with the contract. Theretofore guards and firemen had been on the Government payrolls and under consecutive days, their duty shift of 24 hours With the change-over, guards and firemen were dropped from Government payrolls and picked up by defendant, without any break in employment, continuing at salaries designated by United States Engineer Department. By terms of the contract with defendant, the Government expressly reserved control over guards and firemen, which control included the power to hire and fire and designate salary and wage schedules. Plaintiff Carroll alone was in all respects an employee of defendant.

The firemen worked on 24-hour shifts, being on duty 24 hours and off duty 24 hours. They were paid straight time prior to March 18, 1945, receiving thereafter time and one-half for hours in excess of 40 per week, their status then changing from salary to hourly basis. They claim that under the Fair Labor Standards Act they should have been paid time and one-half prior to March 18, 1945, for all hours in excess of 40 per week; also, that under Executive Order No. 9240, as amended by Executive Order No. 9248, they should have received double time for the equivalent of 7th control of United States Engineer Department. commencing before and ending after midnight, with the result that they were on duty a part of every day. The other two plaintiffs claim for overtime, as well as for double time. It was stipulated by the parties that the number of hours of overtime and the number of 7th consecutive days involved would be left to an order of reference, provided the Court found as a matter of law that plaintiffs were entitled to recover.

After trial of the cause, but before a decision had been rendered, defendant moved to reopen the case in order that the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., might be set up as an additional defense. The motion was allowed over objections from counsel for plaintiffs, and additional proof taken, principally of a nature to show that defendant acted in good faith and in accordance with Government regulations and directives in its payroll policies. The Court does not deem it necessary to consider this additional proof, or the defense of said Act, in arriving at a decision.

In view of its decision heretofore made in the case of Glenn M. Young v. Kellex Corporation, D.C., 82 F.Supp. 953, the Court concludes its finding of facts with the following quotation from the stipulation of the parties in the case now under consideration:

"(4) The project known as the Clinton Engineer Works was a part of a larger project known as The Manhattan District, the only purpose and function of which, during the period involved in this suit, was to engage in research, experimental work and development and to produce an atomic bomb which was for the use of the United States of America out of the State of Tennessee. Within the area known as Clinton Engineer Works materials were processed for this exclusive purpose."

■ In the Young case, this Court held that no right arose in favor of that plaintiff solely by virtue of Executive Order No. 9240, as amended by Executive Order No. 9248; that his rights thereunder, if existing at all, were derivative; that unless the Executive Order had been made a part of the contract between the Government and his employer whereby he became a third party beneficiary, no rights arose under Executive Order No. 9240 in his favor. No basis for a derivative right was shown to exist in his case, and none has been shown to exist here.

■ It was also held in the Young case that no recovery could be had under the Fair Labor Standards Act, for the reason that the atomic bomb was not "goods for commerce" within the meaning of the Act. The same result obtains here. Plaintiffs claim they were engaged in occupations necessary to the production of goods for commerce. By their stipulation, the parties have conceded that the sole objective

of the Clinton Engineer Works project at Oak Ridge was production of the atomic bomb. They could not therefore, have been engaged in occupations necessary to the production of goods for commerce, for the atomic bomb was not a commercial article. Neither Executive Order No. 9240 nor the Fair Labor Standards Act has any application to these plaintiffs.

It results that defendant should have judgment, and an order will be entered accordingly.