## SELBY et al. v. J. A. JONES CONST. CO.
### Civil Action No. 748.

United States District Court
E. D. Tennessee, N. D.

Jan. 2, 1948.

Alexander E. Wilson, Jr., I. Walter Fisher, Atlanta, Ga., Charles D. Snepp, Knoxville, Tenn., for plaintiffs.

Porter C. Greenwood, R. R. Kramer, Knoxville, Tenn., O. T. Ault, U. S. Attorney, Chattanooga, Tenn., for defendants.

TAYLOR, Chief Judge.

The 223 plaintiffs who bring this action allege that they were employees of defendant, classified as inspectors of various degrees. Facts necessary to a decision have been admitted or stipulated. The employment period involved ran from June, 1944, to January 11, 1946. Defendant was one of the private corporations engaged under contracts with the Government in construction of manufacturing and service facilities for Clinton Engineer Works, located at Oak Ridge, Tennessee. It appears that Clinton Engineer Works was a part of Manhattan District Project; that the objective of that project was research in nuclear fission and development and manufacture of the atomic bomb; that the sole objective of Clinton Engineer Works was development and manufacture of the atomic bomb, or an ingredient or ingredients thereof; that those plaintiffs who were employed by defendant were engaged in occupations connected with defendant's construction work for Clinton Engineer Works; that they worked in excess of 40 hours per week as non-manual employees, and that they were paid straight time for both the 40 hours and the hours in excess of 40 per week.

Plaintiffs claim that they were within the coverage of the Fair Labor Standards Act of 1938, Title 29 U.S.C.A. § 201 et seq., as being engaged in production of goods for commerce, or in occupations necessary to the production of goods for commerce; that under the Act they were entitled to time and one-half pay for overtime, and that they were denied such pay. This action is for enforcement of their claim under said Act for overtime, liquidated damages, and attorney's fee, as the Act provides.

Among the defenses interposed are the Portal-to-Portal Act of 1947, 29 U.S.C.A. § 251 et seq., the exemptions provided in the Fair Labor Standards Act, and the claim that plaintiffs were not engaged in the production of goods for commerce, or in occupations necessary thereto. Proof as to

hours, wages, and status of individual plaintiffs has been deferred by agreement of the parties, pending decision by the Court as to whether plaintiffs are entitled to recover, on the basis of pleadings, stipulations, arguments, and the law invoked.

Heretofore, in the cases of Patton v. Roane-Anderson, 84 F.Supp. 72, and Young v. Kellex Corporation, D. C., 82 F.Supp. 953, this Court held that the atomic bomb was not goods for commerce and that the Fair Labor Standards Act did not apply to employees engaged in its production, or in occupations necessary thereto. The same reasoning applies in this case. No legal question is here presented that was not presented in one or the other, or both, of the Patton and Young cases. Their employment not being within the coverage of the Fair Labor Standards Act, the plaintiffs here, as the plaintiffs there, are not entitled to recover under its provisions.

Defendant should, therefore, have judgment, and an order will be entered accordingly.