**PATTON et al. v. ROANE–ANDER-SON CO., Inc.**

No. 10958.

United States Court of Appeals Sixth Circuit.

Dec. 14, 1951.

Martin Southern, Knoxville, Tenn. (Southern & Southern, and Martin Southern, all of Knoxville, Tenn., on the brief), for appellants.

E. H. Rayson, R. R. Kramer, Knoxville, Tenn., on the brief, Kramer, Dye, McNabb & Greenwood, Knoxville, Tenn., of counsel, for appellees.

Before ALLEN, MARTIN and MILLER, Circuit Judges.

MARTIN, Circuit Judge.

This is an appeal from the dismissal by the United States District Court of a complaint on behalf of 164 workmen against Roane-Anderson Company, Inc., for extra compensation totaling some $750,000, based upon alleged applicability of the Fair Labor Standards Act of 1938, sections 201, et seq., of Title 29, U.S.C.A., and Executive Orders 9240 (7 F.R. 7159) and 9248 (7 F.R. 7419), 40 U.S.C.A. § 326 note.

As was found by the District Court, the appellee corporation, by a contract with the United States Government, took over operation of various services in the town of Oak Ridge Tennessee, situs of Clinton Engineer Works, for a fixed fee compensation. Appellee, in accordance with the contract, handled payrolls for which it was reimbursed by the United States. One hundred and sixty-two of the appellants were firemen, one was a detective, and the other was a clerk in the auditing department of the appellee company. Pursuant to the contract, the Government expressly reserved control over the firemen and the guards, with the power to hire and fire them and to designate their salary and wage schedules. The clerk in the auditing department, alone, was in all respects an employee of appellee.

The firemen worked on twenty-four hour shifts being on duty twenty-four hours and off duty twenty-four hours. They were paid straight time prior to March 18, 1945, and thereafter they received time and a-half for hours worked in excess of a forty-hour week, their status being changed on that date from a salary to an hourly basis. Their insistence is that, pursuant to the Fair Labor Standards Act, they should have been paid time and a-half prior to March 18, 1945, for all hours worked in excess of forty per week; and that, under Executive Order 9240, as amended by Executive Order 9248, they should have received double time for the equivalent of "7th consecutive days, their duty shift of twenty-four hours commencing before and ending after midnight,

with the result that they are on duty a part of every day."

The other two appellants claimed for overtime as well as for double time.

■ After the case had been tried, but before it had been decided, the appellee company moved to reopen the case in order that the Portal to Portal Act of 1947, 29 U.S.C.A. § 251 et seq. which had been enacted in the interim, could be set up as an additional defense. The motion was properly allowed over the opposition of appellants and additional proof was introduced to show that appellee had acted in good faith and in accordance with Government regulations and directives in its payroll policies. The District Judge deemed it unnecessary to consider this additional defense and the proof introduced under it, for the reason that he based his denial of appellants' claims on the reasons stated in his opinion in Young v. Kellex Corporation, D.C.E.Tenn., 82 F.Supp. 953, wherein it was held that the atomic bomb is not an article of commerce within the scope of the Fair Labor Standards Act and that an employee could not recover for overtime and attorney's fees under such Act, or by virtue of it or of the aforementioned Executive Orders, for his work as transportation manager in charge of a motor pool at Oak Ridge, Tennessee. The opinion of the District Judge pointed out that the parties in the instant case had stipulated that the sole purpose and function of the project "during the period involved in this suit, was to engage in research, experimental work and development and to produce an atomic bomb which was for the use of the United States of America out of the State of Tennessee." [84 F.Supp. 73]

This court, in Selby v. J. A. Jones Construction Co., 6 Cir., 175 F.2d 143, affirmed the judgment of the trial judge, Honorable George Taylor, United States District Judge, in holding upon the basis of his earlier opinion in Young v. Kellex Corporation, supra, that the production of an atomic bomb during wartime is not the "production of goods for commerce" within the meaning of the Fair Labor Standards Act of 1938. Judge Hicks said, 175 F.2d 146, 147:

"It is urged that materials designed eventually to become component parts of the bomb, brought from beyond the State to Oak Ridge, there to be processed and sent to destinations beyond the State, were in the field of interstate commerce. This contention does violence to the stipulation between the parties. These materials were at all times the property of the United States and under the supervision and control of the Army, and were at no time in the custody of a common carrier. Simply stated, the Government brought its own property, in its own possession and under its own control, to Oak Ridge and there processed it for its own use, in its own establishment, designed and constructed for that purpose by its own agents, and then sent it, for its own purposes, under its own control, beyond the State to destinations fixed by it. No element of interstate commerce was involved. There was no buying or selling of these articles, no commercial intercourse between the United States and third parties; no traffic, no market, and no ultimate consumer except the Government itself. There could be no traffic in bomb materials. None of these activities fall under the commerce clause."

■ The contention is made that Powell v. United States Cartridge Co., 339 U. S. 497, 70 S.Ct. 755, 757, 94 L.Ed. 1017, has destroyed the authoritative effect of the decision of this court which has just been discussed. We think not. It is true that the Supreme Court held that the Fair Labor Standards Act applies to employees of a private contractor operating a Government-owned munitions plant under a cost-plus-a-fixed-fee contract with the Government and that the transportation of munitions outside the state of production is commerce within the meaning of the Act, even though the munitions were produced and transported for delivery into the actual physical possession of the United States as their ultimate user and consumer and not for sale or exchange. In the Powell case, it was found that, in form and substance, the contractor was the employer within the meaning of the Fair Labor Standards Act, being authorized by the contract to "employ all persons engaged in the work." It was further pointed

out that the contract provided that the employees would be subject to the control of and would be constituted employees of the contractor; that the contractor was an independent contractor, "in no wise an agent of the Government"; and that the contract was "replete with references to the persons employed as the 'employees of the Contractor'". The opinion writer observed further that the contract evidenced a policy of the Government to refrain, as much as possible, from manufacturing and to rely rather on the experiences of American industry so as not to weaken our system of free enterprise. The comment was made that, though the Government must essentially supervise expenditures made by it, such supervision did not prevent "the placing of managerial responsibility upon independent contractors."

The same situation, calling for similar reasoning, does not prevail in the present case, inasmuch as, here, the Government did not intend to refrain, nor did it refrain, from supervision of the operations in which the appellant employees were engaged. The appellee contractor exercised no supervisory authority over appellants and it was expressly stated in the contract between the Government and appellee that the duties of the latter with relation to the appellants was limited to paying their wages. Moreover, protection from fire and crime is a normal governmental function and activity. The contract did not designate Roane-Anderson Company, Inc., as an independent contractor, but made the following distinct provision: "In the operation of the facilities under this contract, and in the procurement of any and all supplies, materials, equipment necessary to the performance of the work hereunder, *the Contractor shall act as Agent for the United States of America,* it being understood and agreed, however, that all personnel and labor shall be and remain for all purposes the employees of the contractor, exclusively, it being understood and agreed that the duties and functions of all such persons will be performed under the sole supervision and direction of the Contractor; *provided, however, that employees engaged in the fire, guard and police patrols and forces shall*

*perform their respective duties in accordance with the instructions and under the supervision of the Contracting Officer or his duly authorized representative."* (Italics supplied).

The employment situation of the appellant firemen and policemen distinguishes them, as shown by the foregoing clause, from the status of the regular personnel employed by the contractor. We think, therefore, that Powell v. United States Cartridge Company, supra, is clearly distinguishable from the case presently before us.

In the recent case of Fruco Construction Co. v. McClelland, 192 F.2d 241, the Court of Appeals for the Eighth Circuit held that the Fair Labor Standards Act does not apply to construction guards at an ordnance plant constructed by a contractor under a cost-plus-fixed-fee contract with the United States, even though as each building was completed an operating company occupied it for manufacturing munitions for the Government, inasmuch as the duties of the construction guards were purely incidental to protection of the manufacturing in progress. Therefore, the court considered that the guards were not engaged in activities necessary to production of goods for interstate commerce within the meaning of the Act. Moreover, upon the same reasoning of the Court of Appeals that section 9 of the Portal to Portal Act barred recovery by the construction guards of overtime compensation, we think that the appellants in the instant case are barred in their claims for overtime compensation.

Section 9 of the Portal to Portal Act of 1947, 29 U.S.C.A. § 258, provides: "In any action or proceeding commenced prior to or on or after May 14, 1947 based on any act or omission prior to May 14, 1947, no employer shall be subject to any liability or punishment for or on account of the failure of the employer to pay minimum wages or overtime compensation under the Fair Labor Standards Act of 1938, as amended, the Walsh-Healy Act, or the Bacon-Davis Act, if he pleads and proves that the act or omission complained of was in good faith in conformity with and in reliance on any administrative regulation, order, ruling, approval, or interpretation, of any agency of the United States, or any administrative practice or enforcement policy of any such agency with respect to the class of employers to which he belonged. Such a defense, if established, shall be a bar to the action or proceeding, notwithstanding that after such act or omission, such administrative regulation, order, ruling, approval, interpretation, practice, or enforcement policy is modified or rescinded or is determined by judicial authority to be invalid or of no legal effect."

We think the facts disclosed in the record demonstrate that appellee acted in "good faith" in relying upon governmental orders, rules and regulations in making its wage payments. It complied with its contract with the Government in all such respects. See Lassiter v. Guy F. Atkinson Co., 9 Cir., 1947, 176 F.2d 984. Compare Rogers Cartage Co. v. Reynolds, 6 Cir., 166 F.2d 317, 3 A.L.R.2d 1090.

The judgment of the District Court is affirmed.